1  MICHAEL J. SACKSTEDER (CSB No. 191605)
   msacksteder@fenwick.com
2  BRYAN A. KOHM (CSB No. 233276)
   bkohm@fenwick.com
3  FENWICK & WEST LLP
   555 California Street, 12th Floor
4  San Francisco, CA  94104
   Telephone:    415.875.2300
5  Facsimile:    415.281.1350

6  GEOFFREY MILLER (CSB No. 308676)
   gmiller@fenwick.com
7  FENWICK & WEST LLP
   Silicon Valley Center
8  801 California Street
   Mountain View, CA  94041
9  Telephone:    650.988.8500
   Facsimile:    650.938.5200

10

   Attorneys for Plaintiff
11 Supercell Oy

12

13            UNITED STATES DISTRICT COURT

              NORTHERN DISTRICT OF CALIFORNIA
14

15

16 SUPERCELL OY,                        Case No.: _____

17            Plaintiff,                **COMPLAINT FOR DECLARATORY
                                        JUDGMENT REGARDING PATENT
18     v.                               NON-INFRINGEMENT AND
                                        INVALIDITY; BREACH OF
18 GREE, INC.,                          CONTRACT**

19            Defendant.

20

21

22

23   # Public Redacted Version of Document

24   # Sought To Be Sealed

25

26

27

28

Fenwick & West LLP
ATTORNEYS AT LAW

Plaintiff Supercell Oy ("Supercell"), by and through its attorneys, brings this Complaint for Breach of Contract and Declaratory Judgment against Defendant GREE, Inc. ("GREE" or "Defendant") and alleges the following:

**NATURE OF THE ACTION**

1.     This is an action for a declaratory judgment relating to U.S. Patent Nos. 9,597,594 (the "'594 patent"); 9,636,583 (the "'583 patent"); 9,770,659 (the "'659 patent"); 9,956,481 (the "'481 patent"); 9,604,137 (the "'137 patent") 9,968,843 (the "'843 patent"); 9,457,273 (the "'273 patent"); and 9,795,873 (the "'873 Patent") (collectively the "patents-in-suit") arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and, 2202, and the patent laws of the United States, including Title 35, United States Code.  Specifically, Supercell seeks a declaratory judgment of non-infringement as to the '594, '583, '659, '481, '137, '843, '273, and '873 patents.  Supercell also seeks a declaratory judgment of invalidity as to the '594, '583, and '659 patents.  A dispute exists between Supercell and GREE.  GREE has alleged that Supercell's Clash of Clans game infringes a Japanese patent to which the '594 patent claims priority, Supercell's Clash Royale game infringes Japanese patents to which the '583, '659, '481, '137, and '273 patents claim priority, Supercell's Boom Beach game infringes a Japanese patent to which the '843 patent claims priority, and Supercell's Brawl Stars game infringes the '873 patent.  Supercell contends that it has the right to engage in this activity without license.  Supercell thus seeks a declaration that it does not infringe the patents-in-suit and that certain patents are invalid, as noted above.  An actual, substantial, and continuing justiciable controversy exists between Supercell and GREE.

2.     This is an action for breach of contract ███████████████████████

FENWICK & WEST LLP
ATTORNEYS AT LAW

1　███████████████████████████████████████

2　███████████████████████████████████████

3　█████████████████████████████████████

4　███████████████████████████████████████

5　████████████████████████████████████████

6　████████████████████████ The '873 patent was filed on December 13, 2016

7　and issued October 27, 2017.  Brawl Stars was released globally December 12, 2018, and

8　previously had been released in several countries, including Canada, as early as June 2017.

9　████████████████████████████████████████

10　████████████████████████████████████████

11　██████████████████████████████████████

12　████████████████████████████████████████

13　█████████████████████████████ The declaratory judgment action is thus

14　part and parcel of the breach of contract action, and arises out of GREE's breach.  GREE, by

15　refusing and failing to follow the express and agreed upon terms of the Agreement, left Supercell

16　with no choice but to file a broad, preventative declaratory judgment action.

17　**PARTIES**

18　3.　Supercell Oy is a corporation organized under the laws of Finland, with a principal

19　place of business at Itämerenkatu 11-13, Helsinki, Uusimaa, 00180, Finland.  Supercell maintains

20　its principal U.S. office at 555 California St., San Francisco, California, 94104.

21　4.　On information and belief Defendant GREE, Inc. is a corporation organized under

22　the laws of Japan with a principal place of business at 6-10-1, Roppongi, Roppongi Hills Mori

23　Tower Minato-Ku, Tokyo, Japan.

24　**JURISDICTION AND VENUE**

25　5.　Supercell hereby restates and re-alleges the allegations set forth in paragraphs 1

26　through 4.

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

COMPLAINT FOR DECLARATORY JUDGMENT
AND BREACH OF CONTRACT

Case No.:　_____

6.      This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the patent laws of the United States, 35 U.S.C. § 1 et seq.; and as a breach of contract ███ ████████████████████████████████████████████████████████████████████████

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202.

8.      Subject matter jurisdiction is proper over the breach of contract claims as the breach of contract arises from the same case or controversy as the claims arising under to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  Supercell and GREE entered into a valid contract in which both Parties agreed ███████████████████████████ ██████████████████████████ ███████████  Supercell does not believe that it infringes any of GREE's patents.  Supercell has conveyed this belief to GREE. ████████████████ ████████████████████████████████ ███████████████████████████ ████████████████████████████ ██████████████████████████ ███████████████████████████ ██████████████████████ ██████

9.      Personal jurisdiction over Defendant is proper in this District. ████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ █████████████████████████████ ██████████████

10.      Personal jurisdiction over Defendant is proper in this District because it has availed itself of the rights and benefits of the laws of California.  On May 17, 2018, GREE admitted in a pleading to this Court that it "transact[s] and conduct[s] business in this District and

FENWICK & WEST LLP
ATTORNEYS AT LAW

the State of California, and [is] subject to the personal jurisdiction of this Court." *See Supercell Oy v. GREE, Inc.*, 4:17-cv-05556-YGR, Dkt. No. 65, ¶10 (N.D. Cal. May 17, 2017).  GREE further admitted that this Court has personal jurisdiction over GREE, Inc. and several of its subsidiaries. *Id.* at ¶¶10-14, 16-17.  On information and belief, GREE, by and through its affiliates and subsidiaries, including GREE VR Capital, LLC, GREE International Entertainment, Inc., and Funzio Games, Inc., maintains or maintained offices in the Northern District of California at 1350 Bayshore Highway, Suite 920, Burlingame, California 94010, 185 Berry Street, San Francisco, California 94107, and 642 Harrison Street, San Francisco, California 94107.

11.     Personal jurisdiction over Defendant is proper in this District because Defendant has chosen to conduct business relating to the licensing and enforcement activities of its U.S. and world-wide patent portfolio within the Northern District of California.  On September 12, 2016, GREE sent a letter seeking to enforce its rights in U.S. Patent Application 14/983,984 (which issued as the '594 patent) to Supercell, whose main U.S. location is within this District.  Further, GREE specifically chose counsel located within this District to represent its efforts relating to the licensing and enforcement of GREE's patent portfolio.  GREE's lead counsel for negotiating the Agreement at issue in this litigation is located within the Northern District of California. ▮

▮

▮

▮

▮

▮

▮

▮

▮

▮

▮

▮ Furthermore, GREE retained counsel located in the Northern District of

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   California to represent it in post-grant review actions relating to the validity of the '594, '583, and

2   '659 patents, each of which claim priority to patents identified in demand letters GREE sent to

3   Supercell.  Finally, on information and belief, GREE sent a representative from its Tokyo

4   headquarters to attend a mediation between GREE and Supercell in the case *Supercell Oy v.*

5   *GREE, Inc.*, 4:17-cv-05556-YGR, Dkt. No. 65, ¶10 (N.D. Cal. May 17, 2017), which took place

6   in San Francisco, California.

7           12.     Personal jurisdiction over Defendant is proper in this District because it has

8   systematic and continuous business contacts with California.  GREE has systematic and

9   continuous business contacts with the state through its distribution of mobile game applications

10  through third-party distributors located in this district to users located within this district.  GREE,

11  by and through its affiliates and subsidiaries, including GREE VR Capital, LLC, GREE

12  International Entertainment, Inc., Fantasy Legend Studios, Inc., and Funzio Games, Inc.,

13  maintains or maintained offices in the Northern District of California at 1350 Bayshore Highway,

14  Suite 920, Burlingame, California 94010, 185 Berry Street, San Francisco, California 94107, and

15  642 Harrison Street, San Francisco, California 94107.

16          13.     Venue is proper in this district under 28 U.S.C. § 1391(b) because GREE is subject

17  to personal jurisdiction in this judicial district, ███████████████████████████████

18  ████████████████████████████████████████████████████████████████

19  ███████  and GREE has directed its business activities at this judicial district, which GREE

20  admitted in a pleading to this Court.  In addition, GREE has directed licensing and enforcement

21  activities at this judicial district, and a substantial part of events giving rise to the claim occurred

22  in this judicial district.  As noted above, GREE sent a letter seeking to enforce its rights in U.S.

23  Patent Application 14/983,984 (which issued as the '594 patent) to Supercell, whose main U.S.

24  location is within this District.  Further, GREE specifically chose counsel located within this

25  District to lead its efforts relating to the licensing and enforcement of GREE's patent portfolio,

26  ████████████████████████████  and defend the validity of patents at issue in this

27  case before the Patent Trial and Appeal Board.  Further, GREE sent a representative from its

28  Tokyo headquarters to attend a mediation between GREE and Supercell in the case *Supercell Oy*

FENWICK & WEST LLP
ATTORNEYS AT LAW

*v. GREE, Inc.*, 4:17-cv-05556-YGR, Dkt. No. 65, ¶10 (N.D. Cal. May 17, 2017), which took place in San Francisco, California.  Finally, on information and belief, GREE, by and through its affiliates and subsidiaries, including GREE VR Capital, LLC, GREE International Entertainment, Inc., and Funzio Games, Inc., maintains or maintained offices in the Northern District of California at 1350 Bayshore Highway, Suite 920, Burlingame, California 94010, 185 Berry Street, San Francisco, California 94107, and 642 Harrison Street, San Francisco, California 94107.

## INTRADISTRICT ASSIGNMENT

14.     Pursuant to Civil L.R. 3-2(c), this action is to be assigned on a district-wide basis because it is an intellectual property action.

## FACTUAL BACKGROUND

15.     Supercell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 15.

16.     On March 21, 2017, the United States Patent and Trademark Office ("USPTO") issued the '594 patent entitled "Computer Control Method, Control Program and Computer."  The '594 patent states on its face that it was filed on December 30, 2015 and that it was assigned to GREE, Inc.  The '594 patent claims priority to Japanese Patent Application 2013-202721, which GREE identified as being infringed by Supercell's Clash of Clans game.  A true and correct copy of the '594 patent is attached to this Complaint as Exhibit C.

17.     On May 2, 2017, the USPTO issued the '583 patent entitled "Storage Medium Storing Game Program, Game Processing Method, And Information Processing Apparatus."  The '583 patent states on its face that it was filed on Sept. 1, 2016 and that it was assigned to GREE, Inc.  The '583 patent claims priority to Japanese Patent Application 2013-116039, which GREE identified as being infringed by Supercell's Clash Royale game.  A true and correct copy of the '583 patent is attached to this Complaint as Exhibit D.

18.     On September 26, 2017, the USPTO issued the '659 patent entitled "Storage Medium Storing Game Program, Game Processing Method, And Information Processing Apparatus."  The '659 patent states on its face that it was filed on Dec. 27, 2016 and that it was

FENWICK & WEST LLP
ATTORNEYS AT LAW

assigned to GREE, Inc.  The '659 patent claims priority to Japanese Patent Application 2013-116039, which GREE identified as being infringed by Supercell's Clash Royale game.  A true and correct copy of the '659 patent is attached to this Complaint as Exhibit E.

19.   On May 1, 2018, the USPTO issued the '481 patent entitled "Server, Control Method Therefor, Computer-Readable Recording Medium, and Game System."  The '481 patent states on its face that it was filed on Dec. 27, 2016 and that it was assigned to GREE, Inc.  The '481 patent claims priority to Japanese Patent Application 2013-042162, which GREE identified as being infringed by Supercell's Clash Royale game.  A true and correct copy of the '481 patent is attached to this Complaint as Exhibit F.

20.   On March 28, 2017, the USPTO issued the '137 patent entitled "Server, Control Method Therefor, Computer-Readable Recording Medium, and Game System."  The '137 patent states on its face that it was filed on Nov. 2, 2015 and that it was assigned to GREE, Inc.  The '137 patent claims priority to Japanese Patent Application 2013-042162, which GREE identified as being infringed by Supercell's Clash Royale game.  A true and correct copy of the '137 patent is attached to this Complaint as Exhibit G.

21.   On May 15, 2018, the USPTO issued the '843 patent entitled "Communication System, Method for Controlling Communication System, and Program."  The '843 patent states on its face that it was filed on Jan 24, 2014 and that it was assigned to GREE, Inc.  The '843 patent claims priority to Japanese Patent Application 2013-017917, which GREE identified as being infringed by Supercell's Boom Beach game.  A true and correct copy of the '843 patent is attached to this Complaint as Exhibit H.

22.   On October 4, 2016, the USPTO issued the '273 patent entitled "Storage Medium Storing Game Program, Game Processing Method, and Information Processing Apparatus."  The '273 patent states on its face that it was filed on May 30, 2014 and that it was assigned to GREE, Inc.  The '273 patent claims priority to Japanese Patent Application 2013-116039, which GREE identified as being infringed by Supercell's Clash Royale game.  A true and correct copy of the '273 patent is attached to this Complaint as Exhibit I.

FENWICK & WEST LLP
ATTORNEYS AT LAW

23.     On October 24, 2017, the USPTO issued the '873 patent entitled "Shooting Game Control Method and Game System."  The '873 patent states on its face that it was filed on December 13, 2016 and that it was assigned to GREE, Inc. ███████████ ████████████████████████████████████████████ ██████████████████████████ true and correct copy of the '873 patent is attached to this Complaint as Exhibit P. On information and belief, GREE is the owner of all right, title, and interest in the patents-in-suit.

24.     There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§2201 and 2202 as to each of the patents-in-suit.

25.     On September 12, 2016, Naoki Yoshida from the law firm of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, former counsel for GREE, Inc., sent a letter to Ilkka Paananen, CEO of Supercell Oy.  In the September 12 letter, GREE identified and asserted it is the legal owner of 19 Japanese patents and U.S. Patent Application 14/983,984.  The letter further notes "GREE owns patent applications currently pending in Japan, Europe, the U.S., and other countries, that are directed to on-line gaming products and plan to file more applications to protect its invention in the technical area."  GREE further stated, "It has come to GREE's attention that Supercell is currently distributing at least four mobile game products worldwide: 'Boom Beach,' 'Clash of Clans,' 'Clash Royale,' and 'Hay Day.'  Upon review of the products, GREE believes that these products may infringe one or more of GREE's patents and may be encompassed by the allowed claims of the U.S. patent application."  GREE further asserted "GREE would rather reach a reasonable agreement with Supercell than to take on a patent fight; however, GREE is willing to take that fight on if this cannot be accomplished."  Exhibit J.

26.     On October 6, 2016, Michael Sacksteder of Fenwick & West LLP, attorneys for Supercell, responded to the September 12 letter, and directed GREE to correspond with Mr. Sacksteder going forward.  Exhibit K.

27.     On October 14, 2016, Mr. Yoshida representing GREE, wrote a letter to Mr. Sacksteder for Supercell.  In the October 14 letter, GREE provided Supercell with "exemplary claim charts including English translations of GREE's Japanese patent claims."  GREE further

FENWICK & WEST LLP
ATTORNEYS AT LAW

asserted, "In addition to the claims in the [exemplary claim charts], we believe that other claims in GREE's patents are infringed by one or more of the Supercell products."  Exhibit L.

28.     On December 21, 2016, Hiroyuki Hagiwara from Paul Hastings LLP, new counsel for GREE, wrote an email to Mr. Sacksteder for Supercell seeking to arrange a phone call "to discuss GREE's terms for licensing."  Exhibit M.

29.     On December 22, 2016, Mr. Hagiwara and Mr. Sacksteder spoke on the phone regarding GREE's terms for licensing GREE's patents.  Mr. Hagiwara followed the December 22 phone call with an email on December 22, 2016 to Mr. Sacksteder.  Mr. Hagiwara attached two documents to the email that comprised "a list of GREE patents GREE is currently prepared to license and a set of additional claim charts."  The list of GREE patents and patent applications identified Supercell's games as "Related products" corresponding to GREE's patents and patent applications.  Exhibit N.

30.     The "list of GREE patents GREE is currently prepared to license" included Japanese patent applications to which each of the patents-in-suit claim priority.  *Id.*

31.     Starting in 2017, GREE initiated a patent monetization litigation campaign in Japan.  In 2017 and 2018, GREE filed more than 30 preliminary injunction and formal patent infringement actions against Supercell in Japan.

32.     In response, Supercell filed patent infringement actions against GREE and its subsidiaries in Japan, China, and the United States.  Supercell also filed 16 petitions for post-grant review, nine of which have been instituted.  Post-grant review petitions have been instituted as to all claims of the '594, '583, and '659 patents.  The Patent Trial and Appeal Board found claims 1, 8, and 10–20 of the '594 patent unpatentable under 35 U.S.C. § 101, and found that the petitioner had not shown claims 2–7 and 9 to be unpatentable under § 101.  The Patent Trial and Appeal Board has not issued a final written decision as to the '583 and '659 patent.

33.     GREE filed patent invalidity actions against Supercell in China and filed two petitions for *inter partes* review in the United States.

34.     ████████████████████████████████████████████
████████████████████████████████████████████████

FENWICK & WEST LLP
ATTORNEYS AT LAW

1

2

35.

4

36.

6

7

8

9

10

11

12

13

37.

15

16

38.

18

19

39.

21

22

23

40.

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

The content is redacted with black bars.

41. █████████████████████████████████
████████████████████████████████████
██████████████████████████████████
████████████████████████████████████
██████████████████████████████████
███████████████████████████████████
████████████████████████████████████
██

42. ████████████████████████████████
████████████████████████████████████
███████████████████████████████████
███████████████████████████████████
████████████████████████████████████
█████████████████████

43. ██████████████████████████████
█████████████████████████████████
██████████████████████████████████
████████████████████████████████
█████████████████████████████████████
█████████████████████████████████████
█████████████████████████████████████
█████████████████████████████████████
████████████████████████████████
█████████████████████████████████████
███████████████████████████████

44. ██████████████████████████████
████████████████████████████████████
██

FENWICK & WEST LLP
ATTORNEYS AT LAW

1

2

3

4

5

6

7

8

9

10

11

12    45.

13

14

15

16

17

18

19    46.

20

21    47.

22    48.

23

24

25    49.

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   50.   ███████████████████████████████

2   ███████████████████████████████

3   ███████████████████████

4   51.   ███████████████████████████████

5   ███████████████████████████████

6   ███████████████████████████

7   ███████████████████████████████

8   █████████

9   52.   Supercell does not infringe the patents-in-suit, and the '594, '583, and '659 are

10   invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

11   53.   On information and belief, GREE may believe Supercell infringes other patents in

12   its patent portfolio.   ██████████████████████████

13   ██████████████████████████████████

14   ███████████████████████████████████

15   █████████████

16   54.   Based on the foregoing, a justiciable controversy exists between Supercell and

17   GREE as to whether Supercell infringes the patents-in-suit and whether the claims of the '594,

18   '583, and '659 patents are valid.  Absent a declaration of noninfringement, invalidity, or release

19   of all claims, GREE will continue to wrongly assert the patents-in-suit against Supercell, and

20   thereby cause Supercell irreparable harm.

21
22
**COUNT I: DECLARATORY RELIEF REGARDING
NON-INFRINGEMENT OF U.S. PATENT NO. 9,597,594**

23   55.   Supercell restates and incorporates by reference each of the allegations set forth in

24   paragraphs 1 through 54 above, as if fully set forth herein.

25   56.   GREE contends that Supercell has or is infringing one or more claims of the '594

26   patent.

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

57.     On information and belief, GREE claims to be the owner of all right, title and interest in the '594 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

58.     Supercell does not infringe any claim of the '594 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of Supercell's products or services.

59.     As set forth above, an actual and justiciable controversy exists between Supercell and GREE as to Supercell's noninfringement of the '594 patent.

60.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Supercell requests that this Court enter a judgment that Supercell does not infringe under any theory of infringement, any valid claim of the '594 patent.

## COUNT II: DECLARATORY RELIEF REGARDING INVALIDITY OF U.S. PATENT NO. 9,597,594

61.     Supercell restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 60 above, as if fully set forth herein.

62.     Upon information and belief, GREE contends all claims of the '594 patent are valid.

63.     All claims of the '594 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

64.      As set forth above, an actual and justiciable controversy exists between Supercell and GREE as to Supercell's noninfringement of the '594 patent.

65.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Supercell requests that this Court enter a judgment that all claims of the '594 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT III: DECLARATORY RELIEF REGARDING
## NON-INFRINGEMENT OF U.S. PATENT NO. 9,636,583

66.     Supercell restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 65 above, as if fully set forth herein.

67.     GREE contends that Supercell has or is infringing one or more claims of the '583 patent.

68.     On information and belief, GREE claims to be the owner of all right, title and interest in the '583 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

69.     Supercell does not infringe any claim of the '583 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of Supercell's products or services.

70.     As set forth above, an actual and justiciable controversy exists between Supercell and GREE as to Supercell's noninfringement of the '583 patent.

71.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Supercell requests that this Court enter a judgment that Supercell does not infringe under any theory of infringement, any valid claim of the '583 patent.

## COUNT IV: DECLARATORY RELIEF REGARDING
## INVALIDITY OF U.S. PATENT NO. 9,636,583

72.     Supercell restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 71 above, as if fully set forth herein.

73.     Upon information and belief, GREE contends all claims of the '583 patent are valid.

74.     All claims of the '583 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

75.      As set forth above, an actual and justiciable controversy exists between Supercell and GREE as to Supercell's noninfringement of the '583 patent.

FENWICK & WEST LLP
ATTORNEYS AT LAW

76.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Supercell requests that this Court enter a judgment that all claims of the '583 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT V: DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 9,770,659

77.     Supercell restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 76 above, as if fully set forth herein.

78.     GREE contends that Supercell has or is infringing one or more claims of the '659 patent.

79.     On information and belief, GREE claims to be the owner of all right, title and interest in the '659 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

80.     Supercell does not infringe any claim of the '659 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of Supercell's products or services.

81.     As set forth above, an actual and justiciable controversy exists between Supercell and GREE as to Supercell's noninfringement of the '659 patent.

82.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Supercell requests that this Court enter a judgment that Supercell does not infringe under any theory of infringement, any valid claim of the '659 patent.

## COUNT VI: DECLARATORY RELIEF REGARDING INVALIDITY OF U.S. PATENT NO. 9,770,659

83.     Supercell restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 82 above, as if fully set forth herein.

84.     Upon information and belief, GREE contends all claims of the '659 patent are valid.

FENWICK & WEST LLP
ATTORNEYS AT LAW

85.     All claims of the '659 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

86.     As set forth above, an actual and justiciable controversy exists between Supercell and GREE as to Supercell's noninfringement of the '659 patent.

87.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Supercell requests that this Court enter a judgment that all claims of the '659 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

### COUNT VII: DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 9,956,481

88.     Supercell restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 87 above, as if fully set forth herein.

89.     GREE contends that Supercell has or is infringing one or more claims of the '481 patent.

90.     On information and belief, GREE claims to be the owner of all right, title and interest in the '481 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

91.     Supercell does not infringe any claim of the '481 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of Supercell's products or services.

92.     As set forth above, an actual and justiciable controversy exists between Supercell and GREE as to Supercell's noninfringement of the '481 patent.

93.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Supercell requests that this Court enter a judgment that Supercell does not infringe under any theory of infringement, any valid claim of the '481 patent.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Fenwick & West LLP
Attorneys at Law

## COUNT VIII: DECLARATORY RELIEF REGARDING
## NON-INFRINGEMENT OF U.S. PATENT NO. 9,604,137

94.     Supercell restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 93 above, as if fully set forth herein.

95.     GREE contends that Supercell has or is infringing one or more claims of the '137 patent.

96.     On information and belief, GREE claims to be the owner of all right, title and interest in the '137 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

97.     Supercell does not infringe any claim of the '137 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of Supercell's products or services.

98.     As set forth above, an actual and justiciable controversy exists between Supercell and GREE as to Supercell's noninfringement of the '137 patent.

99.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Supercell requests that this Court enter a judgment that Supercell does not infringe under any theory of infringement, any valid claim of the '137 patent.

## COUNT IX: DECLARATORY RELIEF REGARDING
## NON-INFRINGEMENT OF U.S. PATENT NO. 9,968,843

100.     Supercell restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 99 above, as if fully set forth herein.

101.     GREE contends that Supercell has or is infringing one or more claims of the '843 patent.

102.     On information and belief, GREE claims to be the owner of all right, title and interest in the '843 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

103.   Supercell does not infringe any claim of the '843 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of Supercell's products or services.

104.   As set forth above, an actual and justiciable controversy exists between Supercell and GREE as to Supercell's noninfringement of the '843 patent.

105.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Supercell requests that this Court enter a judgment that Supercell does not infringe under any theory of infringement, any valid claim of the '843 patent.

### COUNT X: DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 9,457,273

106.   Supercell restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 105 above, as if fully set forth herein.

107.   GREE contends that Supercell has or is infringing one or more claims of the '273 patent.

108.   On information and belief, GREE claims to be the owner of all right, title and interest in the '273 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

109.   Supercell does not infringe any claim of the '273 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of Supercell's products or services.

110.   As set forth above, an actual and justiciable controversy exists between Supercell and GREE as to Supercell's noninfringement of the '273 patent.

111.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Supercell requests that this Court enter a judgment that Supercell does not infringe under any theory of infringement, any valid claim of the '273 patent.

FENWICK & WEST LLP
ATTORNEYS AT LAW

## COUNT XI: DECLARATORY RELIEF REGARDING
## NON-INFRINGEMENT OF U.S. PATENT NO. 9,457,873

112.    Supercell restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 111 above, as if fully set forth herein.

113.    GREE contends that Supercell has or is infringing one or more claims of the '873 patent.

114.    On information and belief, GREE claims to be the owner of all right, title and interest in the '873 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

115.    Supercell does not infringe any claim of the '873 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of Supercell's products or services.

116.    As set forth above, an actual and justiciable controversy exists between Supercell and GREE as to Supercell's noninfringement of the '873 patent.

117.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Supercell requests that this Court enter a judgment that Supercell does not infringe under any theory of infringement, any valid claim of the '873 patent.

## COUNT XII: BREACH OF CONTRACT

118.    Supercell restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 117 above, as if fully set forth herein.

119.    █████████████████████████████████████████████████████████████████████

120.    █████████████████████████████████████████████████████████████████████

121.    █████████████████████████████████████████████████████████████████████

FENWICK & WEST LLP
ATTORNEYS AT LAW

122. ███████████████████████████████████████████████

███████████████████████████████████

123. ████████████████████████████████████████

█████████████████████████████████████████████

██████████

124.     As a result of Defendant's breach, Plaintiff has suffered damages, which continue to accrue, in an amount to be proven at trial.

125.     Plaintiff has been damaged in the form of in the form of loss of trade, commerce, opportunity and goodwill, which are impossible to quantify.

126. ███████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████

███████████

### DEMAND FOR JURY TRIAL

127.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Supercell hereby demands trial by jury of all issues so triable.

### PRAYER FOR RELIEF

128.     WHEREFORE, Supercell respectfully requests that this Court enter judgment in its favor and against GREE as follows:

129.     Judgment in favor of Supercell and against GREE on all causes of action alleged in this complaint;

A.     For a judicial determination and declaration that Supercell has not infringed and is not infringing, directly or indirectly, any claim of the patents-in-suit;

B.     For a judicial determination and declaration that each claim of U.S. Patent Nos. 9,597,594; 9,636,583; and 9,770,659 is invalid;

C.     For injunctive relief against GREE, and all persons acting on its behalf or in concert with it, restraining them from further prosecuting or instituting any action against Supercell or Supercell's customers claiming that the patents-in-suit are infringed or that the U.S.

Fenwick & West LLP
Attorneys at Law

1  Patent Nos. 9,597,594; 9,636,583; and 9,770,659 are valid, or for representing that Supercell's

2  products or services, or that others' use thereof, infringe the patents-in-suit;

3       D. ████████████████████████████████████

4  ████████████████████████████████████████████

5  ████████████████████████

6       E.    For an order finding that this is an exceptional case under 35 U.S.C. § 285 and

7  awarding relief, including reasonable attorneys' fees, costs, and expenses;

8       F.    For recovery of actual and compensatory damages, according to proof at trial;

9       G.    For an award of restitution, according to proof at trial;

10       H.    For an award of punitive damages, according to proof at trial;

11       I.    For an award of costs, expenses and reasonable attorneys' fees incurred by

12  Plaintiff in bringing and prosecuting this Complaint;

13       J.    Prejudgment and post-judgment interest as provided by law; and

14       K.    For such other and further relief as this Court may deem just and proper.

15

16  Dated:   February 28, 2019        FENWICK & WEST LLP

17

18          By: */s/ Michael J. Sacksteder*

19           Michael J. Sacksteder
         Attorneys for Plaintiff

20           Supercell OY

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW